UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SOLAR EXCLUSIVE, LLC, <br><br> Plaintiff <br><br> v. <br><br> JOHNATHON OROW, <br><br> Defendant | Case No.: 2:23-cv-01623-APG-EJY <br><br> **Order Granting in Part Plaintiff's Motion for Summary Judgment** <br><br> [ECF No. 24] |

Plaintiff Solar Exclusive, LLC sues defendant Johnathon Orow for breach of contract, breach of the implied covenant of good faith and fair dealing, and alternatively, for unjust enrichment. Solar Exclusive alleges that Orow initiated credit card chargebacks on some of the payments he made for the advertising services Solar Exclusive had provided to him. ECF No. 1. Orow filed an answer pro se in which he asserted that Solar Exclusive breached the contract, although he did not state how it did so, and that he reversed the charges only after first notifying Solar Exclusive of its breach and giving Solar Exclusive an opportunity to perform. ECF No. 14 at 4, 8.

Solar Exclusive now moves for summary judgment on all claims, seeking $51,890, plus attorney's fees and costs. It argues that the parties had multiple agreements for Solar Exclusive to provide Orow with online advertising services, but that Orow breached the agreements by initiating chargebacks. Solar Exclusive relies in part on its request for admissions to which Orow did not respond, thereby admitting those facts. Orow did not respond to the motion.

I grant the motion for summary judgment in part because no genuine issues of fact remain that Orow breached the agreements. I dismiss Solar Exclusive's alternative unjust enrichment claim as moot. I deny summary judgment on Solar Exclusive's claim for breach of

the covenant of good faith and fair dealing because, although it moved for summary judgment on this claim, it did not present any law or argument related to it. I therefore order Solar Exclusive to clarify if that claim is duplicative of its breach of contract claim, or if it rests on different facts and caused different damages. Finally, I grant Solar Exclusive summary judgment that it is entitled to attorney's fees and costs. But because Solar Exclusive has not itemized its fees and costs, it may move for them consistent with Federal Rule of Civil Procedure 54 and the Local Rules.

## I. BACKGROUND

Orow did not respond to Solar Exclusive's summary judgment motion. He therefore has not disputed that he did not timely respond to the request for admissions, nor has he requested to withdraw or amend the admissions. Under Federal Rule of Civil Procedure 36(a)(3), a "matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Under Rule 36(b), a "matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." As a result, Orow's admissions are conclusively established in this case.

By not responding to the request for admissions, Orow has admitted that:

● he "executed a client agreement with Solar Exclusive to receive online advertising services, sales funnel optimization, and exclusive leads in the State of Louisiana;"[1]

● under the agreement, Solar Exclusive was entitled to charge his credit card on file $2,000 per month, and monthly payments were non-refundable;

● Orow agreed "not to initiate a chargeback during" the agreement's term;

---

[1] *See also* ECF No. 24 at 23-35 (the client agreement).

2

- Orow agreed that he would "be responsible for any fees and costs incurred by Solar Exclusive, LLC in responding to any chargeback;"[2]
- Due to the success Orow experienced under the agreement, he entered into four more agreements that had terms identical to the original agreement;[3]
- Orow benefited from and was satisfied with the service provided, as evidenced by his payment for those services under multiple agreements for several months, as well as by a positive online review Orow wrote;[4]
- On March 1, 2023, Orow initiated chargebacks for Solar Exclusive's charges;
- Doing so was in contravention of the agreements;
- Orow did not reach out to Solar Exclusive regarding the reason for the chargebacks;[5]
- Orow thereafter initiated multiple other chargebacks and provided no reason to Solar Exclusive for those chargebacks;[6]
- Orow "submitted inaccurate information to [his] bank by selecting dispute codes that falsely represent[ed] the situation;"
- Solar Exclusive attempted to communicate with Orow to mediate the situation; and
- Orow's actions "have caused Solar Exclusive damages in excess of $75,000" and those damages "continue to increase."

---

[2] Section 3 of the agreement contains the provisions regarding the monthly fee, that payments are nonrefundable, that Orow will not initiate chargebacks, and that Orow agreed to pay for fees and costs incurred in responding to a chargeback. *Id.* at 23-24. The agreement also contains an authorization for recurring credit card payments. *Id.* at 29.

[3] *See also id.* at 37-92

[4] *See also id.* at 102.

[5] *See also id.* at 122.

[6] *See also id.*

ECF No. 24 at 17-19.

On August 31, 2023, Solar Exclusive sent Orow a letter requesting that he stop doing chargebacks, pay back the $73,000 he had done so far, and pay $1,000 in attorney's fees. *Id.* at 112-13. Solar Exclusive won some of the chargeback disputes, but it lost many as well.[7] *Id.* at 115-19. Solar Exclusive attempted to communicate with Orow to mediate their disputes, but Orow did not respond. *Id.* at 122. According to Solar Exclusive's founder, Rich Feola, Orow has cost Solar Exclusive "damages in excess of $51,890" and these "damages continue to increase." *Id.* Based on this evidence, Solar Exclusive seeks judgment in the amount of $51,890,[8] plus attorney's fees and costs.

## II. ANALYSIS

Summary judgment is appropriate if the movant shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Sonner v. Schwabe N. Am., Inc.*, 911 F.3d 989, 992 (9th

---

[7] It is not clear from the evidence provided why Solar Exclusive won some disputes but lost others.

[8] In reaching this amount, Solar Exclusive deducted the amounts for the disputes it won. ECF No. 24 at 5 n.12.

Cir. 2018) ("To defeat summary judgment, the nonmoving party must produce evidence of a genuine dispute of material fact that could satisfy its burden at trial."). I view the evidence and reasonable inferences in the light most favorable to the non-moving party. *Zetwick v. Cnty. of Yolo*, 850 F.3d 436, 440-41 (9th Cir. 2017).

**A. Breach of Contract and Unjust Enrichment**

The agreements are governed by Nevada law. ECF No. 24 at 26, 41, 57, 70, 83-84. "To prevail on a claim for breach of contract, the plaintiff must establish (1) the existence of a valid contract, (2) that the plaintiff performed, (3) that the defendant breached, and (4) that the breach caused the plaintiff damages." *Iliescu, Tr. of John Iliescu, Jr. & Sonnia Iliescu 1992 Fam. Tr. v. Reg'l Transp. Comm'n of Washoe Cnty.*, 522 P.3d 453, 458 (Nev. Ct. App. 2022). Orow admitted that (1) the parties formed valid contracts; (2) he benefited from, and was satisfied with, Solar Exclusive's performance; (3) he breached the contracts by initiating chargebacks; and (4) his breaches caused Solar Exclusive damages. Thus, all elements of a breach of contract claim are satisfied. Solar Exclusive has presented evidence that its damages amount to $51,890. Because Orow did not respond to the motion for summary judgment, he has not pointed to evidence raising a genuine dispute of fact, so Solar Exclusive is entitled to summary judgment on its breach of contract claim in the amount of $51,890. I dismiss the unjust enrichment claim as moot because it is alternative to the breach of contract claim.

**B. Fees and Costs**

No genuine dispute remains that Solar Exclusive is entitled to some amount of attorney's fees and costs because under the agreements, Orow agreed to "be responsible for any fees and costs incurred by Solar Exclusive, LLC in responding to any chargeback." *See, e.g.*, ECF No. 24 at 24. Additionally, the agreements provide that

> [i]n the event of litigation, . . . the prevailing party is entitled to its costs, expenses, and reasonable attorney fees' (whether incurred at trial, on appeal, or otherwise) incurred in resolving or settling the dispute, in addition to all other damages or awards to which the party may be entitled.

*See, e.g.*, *id*. at 27.  Solar Exclusive did not itemize its fees and costs in its motion.  I therefore grant the motion as to Solar Exclusive's entitlement to fees and costs, the amount of which will be determined by Solar Exclusive filing a properly supported motion for those.

### C. Breach of the Covenant of Good Faith and Fair Dealing

Solar Exclusive's motion states that it "seeks summary judgment with respect to Solar Exclusive's claims for breach of contract, breach of covenant of good faith and fair dealing, and unjust enrichment (in the alternative)." ECF No. 24 at 3.  However, the motion does not distinguish the claim for breach of the covenant of good faith and fair dealing from the breach of contract claim, does not cite any relevant law for that claim, and makes no argument in support of it.  Because Solar Exclusive has not sustained its burden in moving for summary judgment on its claim for breach of the covenant, I deny that portion of the motion.  By August 22, 2024, Solar Exclusive must file a notice clarifying whether this claim is duplicative of its breach of contract claim.  If it is duplicative, I will dismiss it as moot.  If it is not duplicative, then Solar Exclusive must explain how it is different and how it intends to proceed on the claim.

### III.  CONCLUSION

I THEREFORE ORDER that plaintiff Solar Exclusive LLC's motion for summary judgment **(ECF No. 24) is GRANTED in part.**  The motion is granted as to its breach of contract claim in the amount of $51,890, plus contractual entitlement to attorney's fees and costs, the amount of which will be determined by Solar Exclusive LLC filing a properly supported

motion for fees and costs. The motion is denied as to its claim for breach of the covenant of good faith and fair dealing.

I FURTHER ORDER that by August 22, 2024, plaintiff Solar Exclusive LLC must file a brief regarding its claim for breach of the covenant of good faith and fair dealing as set forth in this order. If it fails to do so, I will dismiss that claim as moot.

DATED this 8th day of August, 2024.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE